UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID M.D.,[1]

                                Plaintiff,                    8:21-cv-00465 (BKS)

v.

MARTIN J. O'MALLEY,
COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.

---

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 S. Clinton St., Ste. 210
Syracuse, NY 13202

*For Defendant:*
Carla B. Freedman
United States Attorney
Vernon Norwood
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Presently before the Court is a motion by Plaintiff's counsel, the Olinsky Law Group, for

$20,161.00 in attorney's fees in under the Social Security Act, 42 U.S.C. § 406(b), following's

Plaintiff's receipt of a "Notice of Award" of past-due benefits. (Dkt. No. 26; Dkt. No. 26-3). The

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

Commissioner of Social Security "neither supports nor opposes counsel's request for attorney's fees," asserting that it "is for the Court to decide" whether the request is reasonable. (Dkt. No. 28). For the reasons that follow, the motion is denied.

## II.   FACTS

On April 12, 2021, Plaintiff signed a fee agreement, hiring the Olinsky Law Group to represent him on a contingency-fee basis whereby Plaintiff agreed to a fee of up to 25% of any past-due benefits awarded. (Dkt. No. 26-2). On April 23, 2021, Plaintiff filed this action under 42 U.S.C. § 405(g) seeking review of the Commissioner's denial of his application for Supplemental Security Income ("SSI") and Social Security Disability Insurance benefits. (Dkt. No. 1). Plaintiff's brief seeking reversal and remand for further administrative proceedings was filed on April 22, 2022. (Dkt. No. 19). On April 29, 2022, the Court "So Ordered" the parties' "Stipulation for Remand," remanding this matter to the Administrative Law Judge for a new hearing, re-evaluation of the medical opinions in the record, re-determination of Plaintiff's residual functional capacity, and the issuance of a new decision. (Dkt. Nos. 20, 21, 22).

In Notice of Award dated April 17, 2024, the Social Security Administration ("SSA") notified Plaintiff that he had been found disabled as of May 21, 2017, awarded past-due benefits, and indicated that Plaintiff's first monthly payment would be for April 2024. (Dkt. No. 26-3, at 3). The Notice of Award further advised that the SSA was "withholding" Plaintiff's past-due "benefits for November 2017 through March 2024," explained that it "may have to reduce these benefits if [Plaintiff] received SSI benefits for this period," and indicated that it would send "another letter" when it decided "whether or not we will have to reduce" Plaintiff's benefits. (Dkt. No. 26-3, at 3–4). Regarding "Representative Fees," the Notice stated that "25 percent of past due benefits"—$20,161.00—had been withheld "in case we need to pay your lawyer." (Dkt. No. 26-3, at 4).

2

The Olinsky Law Group now moves for $20,161.00 in attorney's fees[2] and asserts its "attorneys and paralegals logged 33.0 hours representing Plaintiff before this court," (Dkt. No. 26-1, ¶ 9), reflecting an hourly rate of $731.50, (Dkt. No. 26-1, ¶ 9).

## III.  DISCUSSION

Section 406(b)(1) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. §406(b)(1)(A). The Supreme Court has stated that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The Second Circuit has "held that 'where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 852–53 (2d Cir. 2022) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (1990)).

"In evaluating the reasonableness of the contingency agreement in a given case," a court must "determine whether the contingency percentage is within the 25% cap . . . whether there

---

[2] Plaintiff previously moved for, and was awarded, by Consent Order, $6,396.40 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 25). The Olinsky Law Group states that upon receipt of that sum, it will refund the EAJA award of $6,396.40 to Plaintiff. (Dkt. No. 26-1, ¶ 7).

has been fraud or overreaching in making the agreement, and . . . whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 853 (quotation marks omitted). The Second Circuit has "explained that a court may reduce the amount of attorney's fees 'provided it states the reasons for and the amounts of the deductions.'" *Id.* (quoting *Wells*, 907 F.2d at 372).

Factors a court "might consider in conducting this reasonableness analysis" include (1) "the character of the representation and the results the representative achieved"; (2) whether 'the attorney is responsible for delay,' lest the attorney 'profit from the accumulation of benefits' during a delay that the attorney caused"; and (3) whether "'the benefits are large in comparison to the amount of time counsel spent on the case'—the so-called 'windfall' factor." *Id.* at 853. (quoting *Gisbrecht*, 535 U.S. at 808). When determining whether an award of attorney's fees constitutes a windfall, the factors courts have considered include: "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do." *Fields*, 24 F.4th at 854.

The Court finds Plaintiff's counsel's motion for an award of attorney's fees deficient on two grounds. First, Plaintiff's counsel does not address what impact, if any, the Notice of Award's indication that Plaintiff's award of past due benefits may be subject to reduction, (Dkt. No. 26-3, at 3–4), has on the fees to which counsel may be entitled. Second, Plaintiff's counsel provides no evidence regarding the education, experience, or expertise of the three attorneys, Howard D. Olinsky, Melissa DelGuercio, and Matthew McGarry, who worked on this case. While Attorney Olinsky is known to the Court in the area of Social Security litigation, the Court otherwise has no basis on which to evaluate the reasonableness of the fee request or whether the "windfall factor" is implicated in this case. Indeed, other than references to the Social Security

4

Act and the EAJA, Plaintiff's counsel provided no legal authority or analysis whatsoever in support of its motion for attorney's fees. Accordingly, Plaintiff's counsel's motion for attorney's fees is denied without prejudice to renewal.

## IV.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for attorney's fees (Dkt. No. 26) is **DENIED** without prejudice to renewal by filing a new motion on or before December 2, 2024.

**IT IS SO ORDERED.**

Dated: November 7, 2024
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge