UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID M.D.,[1]

                                    Plaintiff,                        8:21-cv-00465 (BKS)

v.

LELAND DUDEK,
Acting Commissioner of Social Security,

                                    Defendant.
_____

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 S. Clinton St., Ste. 210
Syracuse, NY 13202

*For Defendant:*
John A. Sarcone III
United States Attorney
Vernon Norwood
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

        Presently before the Court is a renewed motion[2] by Plaintiff's counsel, the Olinsky Law Group, for $20,161.00 in attorney's fees in under the Social Security Act, 42 U.S.C. § 406(b),

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

[2] The Court denied Plaintiff's previous motion for attorney's fees (without prejudice to renewal) on the grounds that: Plaintiff failed to "address what impact, if any, the Notice of Award's indication that Plaintiff's award of past due benefits may be subject to reduction" had on an award of attorney's fees; Plaintiff provided "no evidence regarding

following's Plaintiff's receipt of a "Notice of Award" of past-due benefits. (Dkt. No. 30; Dkt. No. 30-4). The Commissioner of Social Security "neither supports nor opposes counsel's request for attorney's fees," asserting that it "is for the Court to decide" whether the request is reasonable. (Dkt. No. 31, at 1). For the reasons that follow, the renewed motion is granted.

## II.    FACTS

On April 12, 2021, Plaintiff signed a fee agreement, hiring the Olinsky Law Group to represent him on a contingency-fee basis whereby Plaintiff agreed to a fee of up to 25% of any past-due benefits awarded. (Dkt. No. 30-3). On April 23, 2021, Plaintiff filed this action under 42 U.S.C. § 405(g) seeking review of the Commissioner's denial of his application for Supplemental Security Income ("SSI") and Social Security Disability Insurance benefits. (Dkt. No. 1). Plaintiff's brief seeking reversal and remand for further administrative proceedings was filed on April 22, 2022. (Dkt. No. 19). On April 29, 2022, the Court "So Ordered" the parties' "Stipulation for Remand," remanding this matter to the Administrative Law Judge for a new hearing, re-evaluation of the medical opinions in the record, re-determination of Plaintiff's residual functional capacity, and the issuance of a new decision. (Dkt. Nos. 20, 21, 22).

In Notice of Award dated April 17, 2024, the Social Security Administration ("SSA") notified Plaintiff that he had been found disabled as of May 21, 2017, awarded past-due benefits, and indicated that Plaintiff's first monthly payment would be for April 2024. (Dkt. No. 30-4, at 3). The Notice of Award further advised that the SSA was "withholding" Plaintiff's past-due "benefits for November 2017 through March 2024," explained that it "may have to reduce these benefits if [Plaintiff] received SSI benefits for this period," and indicated that it would send

---

the education, experience, or expertise of the three attorneys, Howard D. Olinsky, Melissa DelGuercio, and Matthew McGarry, who worked on this case"; and Plaintiff "provided no legal authority or analysis whatsoever in support of its motion for attorney's fees." (Dkt. No. 29, at 4–5).

2

"another letter" when it decided "whether or not we will have to reduce" Plaintiff's benefits. (*Id.* at 3–4). Regarding "Representative Fees," the Notice stated that "25 percent of past due benefits"—$20,161.00—had been withheld "in case we need to pay your lawyer." (*Id.* at 4).

The Olinsky Law Group now moves for $20,161.00 in attorney's fees[3] and asserts its "attorneys and paralegals logged 33.0 hours representing Plaintiff before this court," reflecting an hourly rate of $731.50. (Dkt. No. 30-1, ¶ 10).

## III.    DISCUSSION

Section 406(b)(1) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. §406(b)(1)(A). The Supreme Court has stated that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The Second Circuit has "held that 'where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" *Fields v.*

---

[3]Plaintiff previously moved for, and was awarded, by Consent Order, $6,396.40 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 25). The Olinsky Law Group states that upon receipt of that sum, it will refund the EAJA award of $6,396.40 to Plaintiff. (Dkt. No. 26-1, ¶ 7).

3

*Kijakazi*, 24 F.4th 845, 852–53 (2d Cir. 2022) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (1990)).

"In evaluating the reasonableness of the contingency agreement in a given case," a court must "determine whether the contingency percentage is within the 25% cap . . . whether there has been fraud or overreaching in making the agreement, and . . . whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 853 (quotation marks omitted). The Second Circuit has "explained that a court may reduce the amount of attorney's fees 'provided it states the reasons for and the amounts of the deductions.'" *Id.* (quoting *Wells*, 907 F.2d at 372).

Factors a court "might consider in conducting this reasonableness analysis" include (1) "the character of the representation and the results the representative achieved"; (2) whether 'the attorney is responsible for delay,' lest the attorney 'profit from the accumulation of benefits' during a delay that the attorney caused"; and (3) whether "'the benefits are large in comparison to the amount of time counsel spent on the case'—the so-called 'windfall' factor." *Id.* at 853. (quoting *Gisbrecht*, 535 U.S. at 808).

The fee agreement in this case states: "I understand that my federal court attorney . . . has the right to ask the court to award 25% of my past-due benefits . . . for representing me in federal court." (Dkt. No. 30-3, at 2). There is no suggestion that the fee requested is out of line with the character of the representation or the results the Olinsky Law Group achieved,[4] nor is there any suggestion that Plaintiff's counsel delayed or attempted to delay resolution of this litigation.

---

[4] In its prior decision, the Court noted that Plaintiff failed to "address what impact, if any, the Notice of Award's indication that Plaintiff's award of past due benefits may be subject to reduction." (Dkt. No. 29, at 4). In an affirmation, Attorney Olinsky explains that as Plaintiff was not entitled to Supplemental Security Income benefits during the relevant time period, Plaintiff's award of past due benefits is not subject to reduction, and thus there is no basis for reducing any attorney's fees award." (Dkt. No. 30-1, ¶ 5). The Court credits Attorney Olinsky's representation in this regard.

Accordingly, the Court must determine whether an award of the attorney's fees requested would amount to a windfall for the Olinsky Law Group.

When determining whether an award of attorney's fees constitutes a windfall, the factors courts have considered include: "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do." *Fields*, 24 F.4th at 854.

Three attorneys worked on Plaintiff's case: Howard Olinsky, Mathew McGarry, and Melissa DelGuercio. Plaintiff again provides no affirmation or evidence regarding Attorney Olinsky's ability and expertise, but as the Court previously noted, Mr. Olinsky is well known to this Court as an experienced litigator in the field of Social Security.[5] (Dkt. No. 29, at 4). As to Attorneys McGarry and DelGuercio, Plaintiff's memorandum of law[6] indicates that McGarry is a partner in the Olinsky Law Group, has been practicing for seven years, but has worked in the area of Social Security law since law school, and has "drafted hundreds of federal court briefs" while working for the Olinsky Law Group. (*Id.* at 2). Melissa DelGuercio has been admitted to practice law in New York state since 2000, has worked for two county attorneys and as a solo practitioner, and previously served as an attorney and law clerk in Syracuse City Court. (*Id.* at 2–3). "In her tenure at Olinsky Law Group, she wrote hundreds of federal court briefs and was in charge of managing all Circuit Court appeals until she left the firm to work for the Office of General Counsel for the agency." (*Id.* at 3).

---

[5] It appears that Plaintiff construed the Court's prior notation regarding Attorney Olinsky's experience as suggesting Attorney Olinsky need not submit an affirmation regarding his experience in any renewed motion. Future attorney's fees motions, however, should include an affirmation outlining Attorney Olinsky's ability and expertise.

[6] Although such information should be presented in a sworn statement, because there is no objection by the Commissioner, the Court credits Plaintiff's representations regarding the experience of Attorneys McGarry and DelGuercio.

Plaintiff's attorneys spent 26.7 hours working on this case at the federal level, drafting the complaint, reviewing the 929-page Administrative Record, and drafting the 28-page brief that before the parties stipulated to remand.[7] (Dkt. No. 30-1n a¶ 10-5; *see also* Dkt. No. 14 (Administrative Record); Dkt. No. 19 (Plaintiff's Brief)). The Court therefore concludes the "specialization and expertise" of the attorneys who worked on this case "enabled them to operate especially efficiently" in this case, obtaining an order of remand in 39.3 hours of attorney time. *Fields*, 24 F.4th at 854. Though an hourly rate of $731.50 is high in this District, where, as here, the specialization and experience of the firm and the attorneys enabled them to work efficiently and obtain a remand stipulation for their client, "[i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency." *Id.*

"Courts should consider the nature and length of the professional relationship with the claimant—including any representation at the agency level—when determining whether a requested fee can truly be deemed a windfall." *Id.* at 855. Here, there is no indication that the Olinsky Law Group represented Plaintiff at the agency level; it appears the attorney-client relationship began just prior to the filing of the present action. In any event, given the level of experience and counsel's success in procuring a stipulation that eradicated the need for the filing of a reply submission, the Court concludes that that awarding hourly rate of $731.50 would not constitute a windfall in this case.

## IV.   CONCLUSION

For these reasons, it is hereby

---

[7] Plaintiff's counsel did not "win . . . a remand hearing from this Court." (Dkt. No. 30-1, ¶ 9). The Court entered no rulings on the merits of this case.

**ORDERED** that Plaintiff's motion for attorney's fees (Dkt. No. 30) in the amount of $20,161.00. is **GRANTED.**

**IT IS SO ORDERED.**

Dated: May 1, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge